### DEASON v. AIQUIER.
### Civil Action No. 1028.

District Court, W. D. Louisiana,
Monroe Division.

Jan. 19, 1945.

G. P. Bullis, of Ferriday, La., for plaintiff.

Jesse C. McGee, of Harrisonburg, La., for defendant.

DAWKINS, District Judge.

Defendant has excepted to the jurisdiction of this court on the ground that plaintiff was on "the date of the alleged acci-

dent," and "for many years preceding said date," a "resident and citizen of the State of Louisiana." The petition alleges that plaintiff is a resident and citizen of Tennessee.

Evidence taken on the question of plaintiff's citizenship was in substance as follows:

That while he had lived for several years at Waterproof in Tensas Parish, Louisiana, in 1941, he sold his farm property there and moved with his wife to Tennessee, where he purchased a home. He moved his church membership and resided there for some two and a half years. Some time in the spring of 1943, he was offered a position of foreman in a cooperage plant at Ferriday in Concordia Parish in this state. Deason, with his wife, returned to Ferriday, La., and rented a small apartment, in which they resided until the latter's death some months later. When the wife became ill plaintiff removed her to a hospital in Memphis, Tennessee, where her death occurred, and she was buried near the home which had been purchased in Martin County in that state. Plaintiff still owns this home in which his furniture is stored. A few weeks after the death of his wife, Deason returned to Ferriday, rented a single room and resumed his duties as foreman at the cooperage plant. He swears unqualifiedly that his work in this state will continue only until he can obtain employment in Tennessee.

As against this evidence tending to show a residence and citizenship in Tennessee are the facts that in the latter part of the year 1943, Deason indicated a desire to qualify for voting for sheriff in the state election, which took place in January, 1944, but was told by the sheriff that he had not lived in Louisiana long enough; hence, he did not register and vote; and the further fact that he first filed the present action in the state court of Concordia Parish, alleging that he was "a resident of Ferriday, Louisiana."

There is nothing to show whether this suit is still pending there, as only a certified copy of the petition has been filed here on the trial of the defendant's plea to the jurisdiction.

Of course, it is not consistent for one who claims that he is still a citizen of another state and expects to return there as soon as possible to endeavor to exercise the voting franchise in the state where he is temporarily residing, although there have probably been many instances in American politics in which it has been done, even where the ones in whose names the votes were counted, had departed for the spiritland. However, in all such cases, except the last mentioned, it is the actual bona fide intention of the individual as disclosed by all the circumstances, which controls. The petition in the state court did not say that Deason was a citizen of Louisiana but merely that he was a resident. It made no difference there as to whether he was a citizen of Louisiana or not. Here, however there must be diverse citizenship.

The matter turns upon an issue of fact only and after full consideration of all the evidence it is the view of the Court that the same preponderates in favor of plaintiff's being still a citizen of Tennessee.

The exception to the jurisdiction is overruled.